# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:01cr130

| | |
|---|---|
| OMAR SHARIFF TOBIAS, )<br>)<br>Petitioner, )<br>)<br>Vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | ORDER |

**THIS MATTER** is before the court on petitioner's letter to the Clerk of this Court dated April 7, 2011. In that letter, which the court deems to be a motion to correct a clerical error in the court's March 23, 2011, Amended Judgment, petitioner contends that such Amended Judgment "states date of my original Judgment being 4/25/02 but its actually 3/25/02." Petitioner goes on to state that this is important "Because if the court (which they are) calculating my time & sentence starting from 4/25/02 then my release date is off by a month . . . ."

Review of the court's docket reveals that there is a clerical error in the Amended Judgment. The Amended Judgment states on the front page that the date of the original judgment was "4/25/02." This is incorrect, as the original judgment was signed on April 25, 2002, filed one day later on April 26, 2002, and "entered" on April 29, 2002, as is reflected on the court's official docket. See Docket Entry for Judgment (#39). Rule 4(b)(6), Federal Rules of Appellate Procedure, provides that "[a] judgment or order is entered for purposes of this Rule 4(b) when it is entered on

the criminal docket." Fed.R.App.P. 4(b)(6). For example,

> On the docket sheet, the Judgment is listed as filed on February 9, 2010. Additionally, the Judgment was signed by Magistrate Judge Dohnal on February 9, 2010. However, at the end of the docket entry, the entry states: "Entered: 2/24/2010." This date best represents the date that the Judgment was "noted on the docket." Fed. R.App. P. 36(a).

United States v. Griffin, 2010 WL 2163867, *2 (E.D.Va. 2010).[1] This is nearly identical to what happened in this case, as the original Judgment was docketed as follows:

> 04/26/2002 39  JUDGMENT Omar Tobias (1) count(s) 1, 2 , 3 . 292 mos Imprison for count 1; 240 mos Imprison to run concurrently with count 1; 120 mos for count 3 to run concurrently with 1 and 2; 4 years SRT for count 1; 3 years SRT for counts 2 and 3 to run concurrently with count 1; $300 Assessment. ( Signed by Judge Richard L. Voorhees ) ( Crim Judge Vol: 93 Page: 85) (former EAP) (**Entered: 04/29/2002**)

Excerpt from Official Docket, at (#39)(emphasis added; columns deleted).[2] Thus, the date of entry of the original Judgment was not the day of sentencing as petitioner suggests, the day it was signed ,or even the day it was stamped filed; rather it was the date the Clerk of this Court reflected in the record that he entered the judgment on the docket, which was April 29, 2002. (#39). The Clerk of this court will be directed to correct such clerical error.

While this is not the error petitioner attempted to point out in his motion, even

---

[1] Due to the limits of Electronic Case Filing, a copy of such unpublished decision is placed in the electronic docket through incorporation of the Westlaw citation.

[2] The court has included such excerpt as it is unlikely that petitioner has access to ECF while in custody.

this later date should not concern petitioner as it has no impact on calculation of his release date.  The March 25, 2002, date to which petitioner refers and which he believes is more favorable to him is the "date of imposition of sentence," which was reflected immediately above the sentencing judge's signature on page one of the original Judgment. See (#39).  As petitioner will recall, this is the date he appeared for sentencing and is not the date of entry of the original Judgment, which takes time beyond the day of sentencing to prepare.  Thus, petitioner's overriding concern with the error he perceived in the Amended Judgment simply does not exist as the date of entry of judgment and the date of sentencing are usually two distinct dates.

The court does understand petitioner's concern with proper calculation of his release date.  Petitioner's misapprehends that his release date is somehow tied to the date the original judgment was entered.  It simply is not.  First, petitioner should be aware that the court does not calculate the release date as he suggests in his letter; instead, calculation of a release date is left to the Bureau of Prisons. Second, in calculating a release date, it does not matter what date the original Judgment was entered, rather, it matters what on what date petitioner began serving his federal time. In petitioner's case, it appears from the docket that he was initially detained on or about June 14, 2001, approximately nine and one-half months before he was sentenced, time which the Bureau of Prisons will take into account when calculating his release date.  Thus, the good news for petitioner is that the actual date from which his time will be calculated is likely to be substantially earlier than the March 25, 2002, date he suggested.

Petitioner is cautioned that any dates discussed in this Order are simply to assist him in understanding the process and are not intended to bind the court or the Bureau of Prisons. As mentioned above, it is the Bureau of Prison's that calculates an actual release date. Petitioner is advised to discuss this matter with his case manager at the Bureau of Prisons, who should be able to show petitioner a projected release date and better explain what custody has been credited toward service of his sentence.

**ORDER**

**IT IS, THEREFORE, ORDERED** that petitioner's letter to the Clerk of this Court dated April 7, 2011, is deemed to be a motion to correct a clerical error in the court's March 23, 2011, Amended Judgment (#93), and is **ALLOWED** in part and **DENIED** in part as follows:

(1) the Clerk of this Court is respectfully instructed to correct the non-substantive clerical error contained on the first page of the Amended Judgment to reflect that the original judgment was entered on April 29, 2002, and not April 25, 2002; and

(2) petitioner's motion is otherwise denied as such Amended Judgment, as corrected, reflects the actual date this court entered its original Judgment.

Signed: April 15, 2011

Max O. Cogburn Jr.
United States District Judge