# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### 3:01cr130

| | |
|---|---|
| **OMAR SHARIFF TOBIAS,** | ) |
| **Petitioner,** | ) |
| Vs. | ) **ORDER** |
| **UNITED STATES OF AMERICA,** | ) |
| **Respondent.** | ) |

**THIS MATTER** is before the court on petitioner's letter to the Clerk of this Court dated May 9, 2011. In that letter, which the court deems to be a motion for modification of an imposed term of imprisonment as it seeks to modify the non-binding recommendations contained in the court's Judgment (as amended), pursuant to 18 U.S.C. § 3582(c).

In his motion, petitioner asks the Court to modify the terms of his sentence so that she can be placed by the Bureau of Prisons ("BOP") in the Residential Drug Abuse Treatment Program. According to 18 U.S.C. § 3582, "[t]he court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582. However, the statute provides exceptions to this general rule. The exceptions allow modification in cases where such change is requested by the Bureau of Prisons, or expressly permitted by statute or Rule 35 of the Federal Rules of Criminal Procedure. See 18 U.S.C. § 3582 (c)(1)(A),(B). Moreover, the court may modify an imposed term of imprisonment where the defendant was sentenced in a range that has subsequently been lowered by the Sentencing Commission. See 18 U.S.C. § 3582 (c)(2). None of these exceptions apply in this instance.

Although petitioner's request is not applicable as an exception to 18 U.S.C. § 3582, the court may make a reccomendation to the BOP that an inmate be allowed to participate

in a particular program. However, the court's recommendation is not binding on the BOP, which makes all decisions regarding a prisoner's placement, regardless of the recommendation of a sentencing judge. Furthermore, the court understands that there are eligibility requirements for the Residential Drug Treatment Program. Under the BOP's criteria for placement in the program, the petitioner must have a "verifiable documented drug problem." Federal Bureau of Prisons, U.S. Dept. of Justice, Drug Abuse Programs Manual - Inmate, Program Statement 5330.10 (1997). In order to demonstrate such a drug problem, "[t]he inmate must meet the diagnostic criteria for substance abuse or dependence indicated in the *Diagnostic and Statistical Manual of the Mental Disorders*, Fourth Edition, (DSM - IV)." Id. Under the DSM-IV criteria, an inmate must demonstrate drug use at least a year prior to sentencing to be diagnosed as has having a drug problem.

      The court has reviewed the original judgment in this matter and can find no mention of petitioner suffering from substance abuse of dependence and no recommendation is found in the original judgment that plaintiff participate in any drug abuse program. Original Judgment (#39), at p. 2.  In an abundance of caution, the court has also reviewed petitioner's original Presentence Report, wherein plaintiff reported that he abused marijuana since age 18 and last used marijuana four days before his arrest herein in June 2001.  The pretrial services report documented plaintiff's participation in an intensive outpatient drug treatment at the McLeod Center in Charlotte, North Carolina, while on pretrial release.  Based on such information, the court will make a non-binding recommendation that Bureau of Prisons closely review petitioner's history of drug abuse, which includes abuse of marijuana up to the time of arrest and participation in an outpatient drug treatment program sponsored by the court while on pretrial release.

# ORDER

**IT IS, THEREFORE, ORDERED** that the petitioner's "Motion for Modification of Sentence" (#97) is hereby **DENIED**; however, the court makes a non-binding **RECOMMENDATION** as follows:

> in considering whether petitioner qualifies for the Residential Drug Treatment Program, that the Bureau of Prisons closely review petitioner's history of drug abuse, which includes a presentence self-report of cannabis abuse up to the time of arrest, and participation in an intensive outpatient drug treatment program sponsored by the court while on pretrial release, as documented in the original Presentence Report. If the Bureau of Prisons determines that petitioner qualifies for participation in its program, the court would recommend that he be allowed to participate in that opportunity.

The Clerk of this court is respectfully instructed to send a copy of this Order to the Warden of FCI Edgefield for consideration by petitioner's case manager.

Signed: May 17, 2011

Max O. Cogburn Jr.
United States District Judge